IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| NEFTA PETERSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-0050 |
| ) | |
| STEVE LANGFORD, FEDERAL BUREAU OF ) | |
| PRISONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

APPEARANCES:

**Nefta Petersen, Pro Se**
St. Croix, U.S.V.I.
   *Plaintiff,*

**Nicola T. Hanna, United States Attorney**
**William Rollins, AUSA**
United States Attorney's Office
Los Angeles, CA
   *For Steve Langford and the Federal Bureau of Prisons.*

ORDER

**MOLLOY,** *Judge*

**BEFORE THE COURT** is the petition of Nefta Petersen ("Petersen") for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Habeas Petition"). For the reasons stated below, the Court will dismiss the petition.

I.   BACKGROUND

In 1995, Petersen was charged with three federal crimes: (1) assault of a federal officer in violation of 18 U.S.C. § 111 ("Count 1"); (2) attempted murder of a federal officer in violation of 18 U.S.C. § 1114 ("Count 2"); and (3) use of a firearm in violation of 18 U.S.C. § 924 ("Count 3"). Petersen was also charged with two territorial crimes: second degree murder in violation of 14 V.I.C. § 922 ("Count 4") and first degree assault in violation of 14 V.I.C. § 295 ("Count 5"). Petersen subsequently pled guilty to each of those counts.

After pleading guilty, Petersen moved to withdraw his guilty plea. The Court denied the motion and sentenced Petersen on August 23, 1995. Petersen appealed. On appeal, the Third Circuit vacated Petersen's judgment and remanded for an evidentiary hearing on Petersen's motion to withdraw his guilty plea. On remand, the Court held an evidentiary hearing and again denied Petersen's motion.

Petersen was resentenced on September 30, 1998. *See* ECF No. 16, Ex. 1 at 30. With respect to the federal crimes, the Court sentenced Petersen to 120 months imprisonment on Count 1 and 240 months imprisonment on Count 2, to run concurrently with each other. *See id.* at 50. The Court also sentenced Petersen to 60 months on Count 3, to run consecutive to the terms on Counts 1 and 2. *See id.* With respect to the territorial crimes, the Court sentenced Petersen to 15 years imprisonment on both Counts 4 and 5, to run concurrently with each other but consecutive to the federal term of imprisonment. *See id.* at 51, 53-54.

As Petersen approached the completion of his federal term of imprisonment, he was in custody at the Federal Correctional Complex in Lompoc, California. Petersen was scheduled to be placed in a halfway house after his federal prison term was complete. On December 18, 2015, the Virgin Islands Bureau of Corrections ("BOC") lodged a detainer against Petersen to have him returned to the Virgin Islands after the completion of his federal imprisonment to serve his territorial term of imprisonment. The Federal Bureau of Prisons ("BOP") subsequently canceled Petersen's halfway home placement

On November 29, 2016, Petersen filed a petition for a writ of habeas corpus in the United States District Court for the Central District of California. Petersen asserted two grounds for relief: (1) that the BOC's detainer was improper; and (2) that BOP's cancellation of Petersen's halfway home placement violated his constitutional rights. On July 21, 2017, the California district court dismissed Petersen's claim regarding the cancellation of his halfway home placement and transferred the remainder of Petersen's action to this Court.

## II. DISCUSSION

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Section 2241") provides an avenue for federal prisoners to "challenge the 'execution' of his sentence." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *see also Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."). The "execution" of a sentence "include[es] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Woodall*, 432 F.3d at 242 (quoting *Jiminian v. Nash,* 245 F.3d 144 (2d Cir. 2001)).

Petersen argues that the detainer lodged against him is improper because his "entire sentence was vacated in 1996 and the subsequent resentence was concurrent." *See* ECF No. 10 at 1. As discussed above, Petersen's territorial sentence was ordered to be served consecutively to his federal sentence.[1] Petersen's federal sentence was completed on April 26, 2017, after which he was transferred to the custody of the BOC to serve his 15-year territorial term of imprisonment. Under these circumstances, the Court perceives no impropriety with the detainer lodged against Petersen.

While the Court holds that the BOC's detainer against Petersen was proper, the Court is concerned with the BOC's apparent misunderstanding of Petersen's territorial prison term. Specifically, the detainer asserted that Petersen "has a total territorial sentence of twenty-five (25) years imprisonment." ECF No. 16, Ex. 1 at 26. In support of that assertion, the BOC provided with the detainer a copy of Petersen's August 23, 1995 Judgment. That Judgment, however, was vacated by the Third Circuit. On remand, the Court re-sentenced Petersen to 15 years imprisonment. It does not appear that the BOC is aware of these circumstances. Accordingly, the Court will direct the Clerk of Court to mail to the BOC a copy of this order along with the operative judgment and commitment in Petersen's criminal case.

---

[1] Petersen also asserts that his plea agreement with the United States required his territorial sentence to be concurrent with his federal sentence. Petersen's plea agreement did not, however, guarantee that outcome. Rather, the United States only agreed in the plea agreement to "*recommend* to the court that the [territorial] sentences . . . run concurrently with the sentences imposed on the [federal] counts." ECF No. 10, Ex. B at 2 (emphasis added).

The premises considered, it is hereby

**ORDERED** that Nefta Petersen's Habeas Petition is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall mail a copy of this order and the operative judgment and commitment in Petersen's criminal case to the Virgin Islands Bureau of Corrections; it is further

**ORDERED** that all pending motions are **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.


**Dated: May 14, 2020**                    *s/ Robert A. Molloy*
                                           **ROBERT A. MOLLOY**
                                           **District Judge**